UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
      v.                         )   Case No. 1:24-cr-00043-SNLJ
                                 )
MICHAEL E. POUNDS,               )
                                 )
            Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's *pro se* motion for reconsideration of the denial of his motion for compassionate release pursuant to the First Step Act. [Doc. 59]. There is no explicit authority for a motion to reconsider in criminal cases. For such motions, courts apply the standard used in civil cases. *See United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (cleaned up). A district court has broad discretion in deciding whether to grant a Rule 59(e) motion. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

The arguments in defendant's motion to reconsider do not persuade this Court that the denial of defendant's motion for compassionate release was legally or factually incorrect. Nor are there extraordinary circumstances that warrant the relief he seeks.

Moreover, for the reasons set out in the Court's Memorandum and Order [Doc. 58], and upon consideration of the factors set forth in 18 U.S.C. § 3553(a), including the serious nature of defendant's criminal offenses and his criminal history, the defendant's continued service of his federal sentence is necessary to address the sentencing objectives of punishment, general deterrence, and incapacitation, and a sentence reduction is not warranted under 18 U.S.C. § 3582(c).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for reconsideration [Doc. 59] is **DENIED**.

**SO ORDERED** this 30th day of July, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE